# IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE
### COLUMBIA DIVISION

| | | |
|---|---|---|
| WAYNE BURGESS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 1:24-cv-00040 |
| | ) | |
| CITY OF PULASKI / CITY OF PULASKI | ) | JUDGE CAMPBELL |
| POLICE DEPARTMENT, et al., | ) | MAGISTRATE JUDGE HOLMES |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Pending before the Court are Defendants' motions for summary judgment (Doc. Nos. 56, 60), which are fully briefed. (Doc. Nos. 65-68, 77, 79). For the reasons stated herein, the motions (Doc. Nos. 56, 60) are **DENIED**.

This is a civil rights case arising from Plaintiff's wrongful conviction in 1999 for the murder of a 16-month-old baby. Plaintiff spent 24 years in prison serving a life sentence for that conviction until it was vacated by the trial court in April 2023 due to his actual innocence.

In April 2024, Plaintiff filed the present suit under 42 U.S.C. § 1983 ("Section 1983") against the City of Pulaski (the "City") and Pulaski Police Department officers John Dickey ("Dickey") and Joel Robison ("Robison"). (Complaint, Doc. No. 1). Plaintiff claims that Dickey and Robison violated his constitutional rights by fabricating a false confession and using it as a mechanism to arrest and maliciously prosecute him (Count 1), forcing him to incriminate himself via the false confession used as evidence against him during his criminal trial (Count 3), maliciously prosecuting him (Count 2), civilly conspiring against him (Count 4), failing to intervene to prevent the violation of his protected rights (Count 5), and intentionally withholding

evidence that his confession was the product of unlawful methods (Count 10). Plaintiff also brings state law claims against Dickey and Robison for malicious prosecution (Count 6), intentional infliction of emotional distress (Count 7), and false imprisonment (Count 8). Finally, Plaintiff brings a Section 1983 claim against the City (Count 9) for its practices that were allegedly the moving force behind Dickey and Robison's alleged violations of his constitutional rights

## I. STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id.*

In evaluating a motion for summary judgment, the court views the facts in the light most favorable for the nonmoving party, and draws all reasonable inferences in favor of the nonmoving party. *Bible Believers v. Wayne Cty., Mich.*, 805 F.3d 228, 242 (6th Cir. 2015); *Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 570 (6th Cir. 2003). The Court does not weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Rather, the Court determines whether sufficient evidence has been presented to make the issue of material fact a proper jury question. *Id.*

2

## II.    LAW AND ANALYSIS

Robison and Dickey move for summary judgment on qualified immunity grounds and on the basis that Plaintiff's claims are either time-barred and/or fail for lack of proof. The City seeks summary judgment on the basis that Plaintiff lacks proof for his claim against it.

## A.  Qualified Immunity

Qualified immunity shields officers from civil liability when their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *See King v. City of Rockford, Michigan*, 97 F.4th 379, 390 (6th Cir. 2024). Summary judgment based on qualified immunity is appropriate unless the evidence viewed in the light most favorable to the plaintiff would permit a reasonable juror to find that: (1) the defendant violated a constitutional right, and (2) the right was clearly established. *See id*.

Here, Robison and Dickey have forfeited the clearly established prong of the qualified immunity analysis on summary judgment by failing to provide "some effort at developed argumentation" supporting the claim that their actions did not violate clearly established rights. *Aaron v. King*, 171 F.4th 822, 829 (6th Cir. 2026). Instead, they state the legal test for clearly established law and that "there is no case so similar to the case at hand prior to 1997 that would have put Dickey and Robison on notice that they were violating Plaintiff's constitutional rights." (Doc. No. 61 at 35). It is well established that a party cannot "mention a possible argument in the most skeletal way, leaving the court to put flesh on its bones." *Buetenmiller v. Macomb Cnty. Jail*, 53 F.4th 939, 946 (6th Cir. 2022) (quoting *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) (cleaned up)). Moreover, Robison and Dickey ignore that general statements of the law can give clear and fair warning to officers, even when the very action in question has not previously been held unlawful, for purposes of determining qualified immunity in a Section 1983 action. *See Aaron*, 171 F.4th at 826 (citing *Walker v. Davis*, 649 F.3d 502, 504 (6th Cir. 2011)).

3

## B. Affirmative Defense – Statute of Limitations

Robison and Dickey contend that Plaintiff's Section 1983 claims in Counts 1, 3, 5, and 10 must be dismissed as time barred because the one-year statute of limitations for those claims began to accrue in 2004 and expired in 2005. (*See* Doc. No. 61 at 13 ("Plaintiff's claims began to accrue once his criminal proceedings were completed in 2004 and expired in 2005.")).[1]

Section 1983 claims accrue when the plaintiff has a complete and present cause of action; that is, when the plaintiff can file suit and obtain relief. *See Codrington v. Dolak*, 142 F.4th 884, 891 (6th Cir. 2025) (citing *Wallace v. Kato*, 549 U.S. 384, 388 (U.S. 2007)). Thus, in determining when the statute of limitations for a Section 1983 claim began to run, the accrual analysis begins with identifying the specific constitutional right alleged to have been infringed. *See McDonough v. Smith*, 588 U.S. 109, 115 (U.S. 2019).

A claim challenging the validity of a conviction under Section 1983 does not accrue – *i.e.*, is *not* a complete and present cause of action – until the conviction or sentence has been invalidated. *See Lomax v. Ortiz-Marquez*, 140 S.Ct. 1721, 1724 n.2 (U.S. 2020) (citing *Heck v. Humphrey*, 512 U.S. 477 (1994)). Stated another way, under *Heck*, "a criminal defendant who has been convicted of a crime cannot bring a suit for damages under 42 U.S.C. § 1983 that would imply his underlying conviction or sentence was invalid—such as by claiming that public officials violated the Constitution while investigating or prosecuting that crime—unless he can prove that his conviction or sentence was already favorably terminated." *Cotton v. Hughes*, 176 F.4th 886,

---

[1] Although Robison and Dickey also identified the intentional infliction of emotional distress claim (Count 7) as untimely, they fail to advance any specific argument as to when this claim accrued and/or why it is untimely under the facts of this case. Given the absence of substantive analysis concerning the accrual of this claim, the Court declines to consider the timeliness challenge to this claim. *See Buetenmiller*, 53 F.4th at 946 (a party cannot "mention a possible argument in the most skeletal way, leaving the court to put flesh on its bones.").

896–97 (6th Cir. 2026); *see, e.g.*, *McDonough*, 588 U.S. at 117 ("McDonough could not bring his fabricated-evidence claim under § 1983 prior to favorable termination of his prosecution.").

Here, Robison and Dickey fail to engage in the requisite accrual analysis; they identify neither the specific constitutional rights allegedly violated in Counts 1, 3, 5, and 10 nor the elements required for the respective complete causes of action. Instead, they claim the accrual of Plaintiff's Section 1983 claims challenging the validity of his 1999 conviction turns on whether the alleged factual basis for those claims "would guarantee an overturned conviction." (Doc. No. 61 at 16 ("a § 1983 claim accrues when criminal proceedings are complete when the civil decision would not render the conviction invalid.")). The Court does not find this legal argument persuasive as it is contrary to binding precedent from both the Supreme Court and the Sixth Circuit Court of Appeals. *See supra*. And it is undisputed that the trial court vacated Plaintiff's 1999 conviction in 2023 due to his actual innocence. Accordingly, Robison and Dickey have failed to show that Counts 1, 3, 5, or 10 should be dismissed on statute of limitations grounds.

## C. Claims against Robison and Dickey

### 1. Count 1 – Fabrication of Evidence

In this Count, Plaintiff claims that Robison and Dickey fabricated a false confession and then used it as a mechanism to arrest and maliciously prosecute him. "The elements of a fabrication-of-evidence claim under the Due Process Clause are (1) the evidence was knowingly fabricated, and (2) the evidence likely affected the decision of the jury." *Clark v. Abdallah*, 131 F.4th 432, 448 (6th Cir. 2025). Through their pending motion, Robison and Dickey seek summary judgment on this claim on the basis that Plaintiff lacks evidence "that he was coerced into signing a false confession." (Doc. No. 61 at 33). However, in the same argument section, Robison and Dickey expressly acknowledge that Plaintiff *does* have such evidence. (*See id*. at 29 ("Plaintiff's

5

only evidence that the statement was coerced is his testimony that he 'never said' he struck the child.")). Accordingly, Robison and Dickey have failed to show that summary judgment is appropriate as to this claim.

2. Counts 2, 6, 8 – Malicious Prosecution and False Imprisonment

Robison and Dickey contend that summary judgment is appropriate in their favor on Plaintiff's claims for malicious prosecution (Counts 2, 6) and false imprisonment (Count 8) because they have produced evidence that probable cause existed throughout the investigation and prosecution of Plaintiff. (Doc. No. 61 at 22-24).[2] In his response, Plaintiff argues Robison and Dickey manufactured probable cause in bad faith through threats and coercion to obtain a false confession. (Doc. No. 66 at 19-20). In their reply, Robison and Dickey complain that Plaintiff's "unreliable testimony" is the only evidence that probable cause was not present. (Doc. No. 79 at 3). However, the Court may not disregard testimony as unreliable or lacking credibility at the summary judgment stage. As Robison and Dickey have failed to show the absence of genuine disputes of material fact, summary judgment is inappropriate as to these claims.

3. Count 3 – Fifth Amendment Right against Self-Incrimination

With respect to Count 3, Plaintiff claims Robison and Dickey violated his right against self-incrimination under the Fifth Amendment. Robison and Dickey seek summary judgment on this claim on the basis that Plaintiff waived his *Miranda* rights. In his response, Plaintiff argues his constitutional right against self-incrimination was violated when his forced confession was used and entered into evidence at his criminal trial, and notes that "a violation of the constitutional right

---

[2]     Malicious prosecution claims under both Section 1983 and Tennessee law require a plaintiff to show that the criminal prosecution lacked probable cause. *See Reguli v. Hetzel*, 178 F.4th 995, 1004 (6th Cir. 2026); *Mynatt v. Nat'l Treasury Emps. Union, Chapter 39*, 669 S.W.3d 741, 746 (Tenn. 2023). "Like the tort of malicious prosecution, false imprisonment requires that the defendant must have acted without probable cause." *Brown v. Christian Bros. University*, 428 S.W.3d 38, 54 (Tenn. Ct. App. 2013).

6

against self-incrimination occurs only if one has been compelled to be a witness against himself in a criminal case." *Chavez v. Martinez*, 538 U.S. 760, 770 (U.S. 2003). Although Robison and Dickey filed a reply (Doc. No. 79), they fail to explain why summary judgment should be granted on this claim in the face of Plaintiff's response. Accordingly, Robison and Dickey have failed to show that summary judgment is appropriate as to this claim.

4. Count 4 – Civil Conspiracy

Robison and Dickey seek summary judgment on this claim on the basis that Plaintiff lacks evidence of a scheme to deprive him of his constitutional rights. However, in the same argument section, Robison and Dickey concede that Plaintiff *does* have such evidence:

> …Dr. Harlan's involvement in this case is *not enough* to establish a claim of civil conspiracy to implicate Plaintiff for a crime he did not commit. Robison and Dickey were simply following the standards for investigating a homicide in Giles County in 1997.
>
> Plaintiff also seems to think that Robison and Dickey worked with the DA to establish a case to implicate Plaintiff. That is true, but that it *not adequate* evidence of conspiracy [because] [i]t is common for Das and investigating detectives to work together in building a case against suspects.

(Doc. No. 61 at 26) (emphasis added).

Moreover, Robison and Dickey fail to direct the Court to any supporting legal authority for their contention that Plaintiff's evidence is insufficient to support his civil conspiracy claim. Arguments without citation to supporting legal authority are inherently unpersuasive. Accordingly, Robison and Dickey have failed to show that summary judgment is appropriate as to this claim.

5. Count 7 – Intentional Infliction of Emotional Distress

Robison and Dickey's motion is denied with respect to Plaintiff's claim for intentional infliction of emotional distress because their argument for summary judgment on this claim is premised on a mischaracterization of its alleged factual basis and a view of the facts in the light

7

most favorable to themselves. Their reply is also silent as to why this claim should be dismissed in the face of Plaintiff's response arguing that federal courts have recognized that dishonest law enforcement conduct that leads to wrongful convictions and imprisonments can rise to the level of intentional infliction of emotional distress. Accordingly, Robison and Dickey have failed to show that summary judgment is appropriate as to this claim.

6. Count 10 – Withholding of Evidence

A violation of due process results where the State suppresses evidence favorable to a defendant that is material to either his guilt or punishment and is of a nature that would have had a reasonable probability of changing the result of the proceeding. *See Mills v. Barnard*, 869 F.3d 473, 485 (6th Cir. 2017). Robison and Dickey contend that summary judgment is appropriate in their favor on this claim because Plaintiff has not identified what evidence he claims they withheld from him or the prosecutor. (*See* Doc. No. 61 at 27-28). In his response, Plaintiff submits that Robison and Dickey intentionally withheld evidence that his confession was the product of unlawful methods and that "the confession and the unlawful methods used to produce said false confession were [] material to the outcome." (Doc. No. 66 at 32). Although Robison and Dickey filed a reply (Doc. No. 79), they fail to explain why summary judgment should be granted on this claim in the face of Plaintiff's response. Accordingly, Robison and Dickey have failed to show that summary judgment is appropriate as to this claim.

**D. Municipal Liability**

A municipality is only liable under Section 1983 "if the plaintiff demonstrates that the injury suffered was a direct result of the city's official policy or custom." *Wiley v. City of Columbus, Ohio*, 36 F.4th 661, 670 (6th Cir. 2022). There are at least four avenues a plaintiff may take to prove the existence of a municipality's policy or custom: (1) the municipality's legislative

enactments or official agency policies; (2) actions taken by officials with final decision-making authority; (3) a policy of inadequate training or supervision; or (4) a custom of tolerance or acquiescence of federal rights violations. *See Mosier v. Evans*, 90 F.4th 541, 548 (6th Cir. 2024).

The City moves for summary judgment on the basis that Plaintiff lacks evidence that any unconstitutional policy or custom was the moving force behind his alleged constitutional violations. (*See* Doc. No. 58). However, the City fails to explain how its statement of undisputed material facts demonstrates the same. (*See* Doc. No. 59). Indeed, the City's supporting memorandum is devoid of any references to its statement of undisputed material facts. (*See id*.). In his response, Plaintiff points to expert witness testimony in support of his claim. (*See* Doc. No. 66 at 29-31). And the City replied that it will seek to exclude Plaintiff's expert as unqualified. (*See* Doc. No. 77 at 3 n.2). Accordingly, the City has failed to show that Plaintiff lacks evidence to support his Section 1983 claim against it.

### III.     CONCLUSION

For the foregoing reasons, Defendants' motions (Doc. Nos. 56, 60), are **DENIED**.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE

9